R. Shawn Oller; AZ Bar No. 019233
soller@littler.com
Kimberly M. Shappley; AZ Bar No. 035740
kshappley@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:   602.474.3600
Facsimile:   602.957.1801

Attorneys for Defendant
First Transit, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Rynn, an individual;<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>First Transit, Inc., an Ohio Corporation, ABC Corporation I-X; And Black And White Partnerships, and/or Sole Proprietorships I-X,<br><br>　　　　　Defendants. | Case No.<br><br>**DEFENDANT FIRST TRANSIT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 (DIVERSITY), 1441 AND 1446**<br><br>(Maricopa County Superior Court Case No. CV2020-093419) |

**TO:   CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

PLEASE TAKE NOTICE that Defendant First Transit, Inc. ("Defendant" or "First Transit") hereby removes the above-entitled action from the Superior Court of the State of Arizona, County of Maricopa, to the United States District Court for the District of Arizona. Defendant makes the removal because this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity) and the action is removable pursuant to 28 U.S.C. §§ 1441, 1446 and Local Rule of Civil Procedure 3.6.

In support of this Notice of Removal, Defendant First Transit states the following:

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1. On May 29, 2020, Plaintiff Richard Rynn ("Plaintiff") filed a Verified Complaint ("Complaint") in the Superior Court of Arizona, County of Maricopa, styled *Richard Rynn, an individual, Plaintiff, v. First Transit, Inc.*, *an Ohio Corporation, ABC Corporation I-X; and Black and White Partnerships, and/or Sole Proprietorships I-X*, *Defendants*, Case No. CV2020-093419 (the "State Court Action"). Plaintiff's Complaint asserts claims for (1) Defamation – Slander, and (2) False Light. A true and correct copy of Plaintiff's Complaint is attached to this Notice of Removal as **Exhibit 1**.

2. On June 2, 2020, Plaintiff served a copy of the state court Summons, Verified Complaint, Demand for A Jury Trial, and Certificate of Compulsory Arbitration on First Transit, Inc., by process server. True and complete copies of all process, pleadings, and orders in the State Court Action are being filed with this Notice as required by 28 U.S.C. § 1446(a) and are attached hereto as **Exhibit 2**.

3. Accordingly, First Transit has filed this Notice of Removal within 30 days after service of the initial pleading setting forth a removable claim and it is timely filed under 28 U.S.C. §1446(b). Specifically, each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons to file the notice of removal. 28 U.S.C. §1446(b)(2)(B).

### Diversity Jurisdiction

4. This Court has original jurisdiction over the action under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant First Transit, Inc. is now, and was at the time this action commenced, diverse in citizenship from Plaintiff.

Specifically, Plaintiff is presently domiciled in Pinal County, Arizona and was domiciled there at the time this action commenced. *See* Complaint at ¶ 1, **Exhibit 1**. Plaintiff was at that time, and is now, a citizen of the State of Arizona. *Id.* Defendant is now, and at the time Plaintiff commenced this action was, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Cincinnati, Ohio.

LITTLER MENDELSON, P.C
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-2-

Defendant is not now, and at the time Plaintiff commenced this action was not, a citizen of Arizona. For removal purposes, the citizenship of defendants sued under fictitious names is disregarded. *See* 28 U.S.C. § 1441(b). Accordingly, there is complete diversity of citizenship between the parties.

**Amount in Controversy**

5.  Defendant need only establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence, that is, that it is more likely than not that the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co. v. Owens,* 135 S. Ct. 547, 551 (2014); *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Forever Living Products v. Geyman*, 471 F.Supp.2d 980, 986 (D. Ariz. 2006) (citation omitted).

6.  Although Plaintiff's Complaint does not contain a specific dollar amount for its claims against Defendant, it is facially apparent from the allegations in his Complaint that the amount in controversy exceeds $75,000.

(a)  Plaintiff's Complaint alleges that Management employees of Defendant knowingly and willingly made reckless, disparaging, and false statements concerning Plaintiff, and that such statements were "slanderous *per se*." *See* Complaint at ¶ 22-23, 25, 32, 33, 36-37.

(b)  Plaintiff alleges that as a direct and proximate result of Defendant's "extreme, outrageous and malicious defamatory conduct," he has suffered a loss of reputation, embarrassment, humiliation, mental agony, and damage to his name and reputation. *See* Complaint at ¶ 35. In fact, Plaintiff specifically alleges that "Defendant's statements were made out of spite, personal ill-will, and malice toward Plaintiff with the intention of damaging Plaintiff's credibility," and that "Defendant acted with an evil mind when they knowingly and willingly provided false and fraudulent statements which in return

LITTLER MENDELSON, P.C
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-3-

have caused Plaintiff to suffer and incur unnecessary costs." *See* Complaint at ¶¶ 34, 38.

(c)    Plaintiff further alleges that Defendant made defamatory statements, with malice, which placed Plaintiff in a false light that would be offensive to a reasonable person. *See* Complaint at ¶¶ 40, 43.  He asserts that Defendant and its employees knowingly and willingly provided false and fraudulent statements which in return place Plaintiff in a false light to suffer and incur unnecessary costs. *See* Complaint at ¶¶ 41, 42, 44.

7.    Here, Plaintiff alleges two causes of action, each of which separately could entitle Plaintiff to a recovery in excess of $75,000. *See, e.g., Scheer v. Rosales,* CV2008-052343, 2010 WL 4953744 (Ariz. Super. 2010) (jury verdict of $150,000 for false light claim and $100,000 for slander *per se* claim, in addition to other damage awards); *Forever Living Products v. Geyman*, 471 F.Supp.2d 980 (D. Ariz. 2006) (finding $75,000 amount in controversy requirement met based on allegations of "public contempt, ridicule, degradation, severe outrage..."); *Does et al. v. Osterblad et al*., 2016 WL 10011738 (D. Ariz. 2016) (jury verdict of $325,000 for intentional infliction of emotional distress and false light invasion of privacy); *Senior Advisory Group of America, Inc. v. McDowell,* 2010 WL 4953745 (Ariz. Super. 2010) (jury verdict for counterclaimant's defamation claim of $153,000).

Further, Plaintiff seeks general and compensatory damages, punitive damages, prejudgment and post-judgment interest, costs and fees, attorney fees, and "[a]ny other remedies of judgments deemed as just and equitable by this Court." *See* Complaint at p. 10, Prayer for Relief; *see Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (considering punitive damages in determination of amount in controversy).

8.    Plaintiff also affirmatively asserted to the Superior Court that the case is not subject to mandatory arbitration, indicating that the largest award sought by him – excluding interest, attorneys' fees and costs – exceeds the $50,000 threshold for mandatory arbitration in Maricopa County. *See* Certificate of Compulsory Arbitration, **Exhibit 3**.  Thus, Plaintiff seeks at least $50,000 in damages before considering his claimed attorneys' fees. *Id.; See* Superior Court Local Rules – Maricopa County, Rule 3.10.

9.    Plaintiff also made a pre-litigation settlement demand of $60,000 to Defendant,

LITTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-4-

demonstrating that the amount in controversy is at least that much. As this was a pre-litigation offer of compromise, then it is reasonable that his alleged damages must be higher.

Accordingly, the amount in controversy in this case meets the jurisdictional requirements.

10. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district embracing the place where the State Court Action is pending.

11. Defendant has given written notice of this removal to all adverse parties, in accordance with 28 U.S.C. § 1446(d). A copy of the Notice to Adverse Party of Removal of Civil Action to Federal Court filed in the Superior Court of Arizona, County of Maricopa is attached as **Exhibit 4**.

12. Defendant filed a Notice to State Court of Removal of Civil Action to Federal Court in the Superior Court of the State of Arizona, County of Maricopa and served Plaintiff with the Notice, in accordance with 28 U.S.C. § 1446(d) and Local Rule of Civil Procedure 3.6. A copy of the Notice to State Court of Removal of Civil Action to Federal Court is attached as **Exhibit 5**.

RESPECTFULLY SUBMITTED this 1st day of July, 2020.

*s/ R. Shawn Oller*

R. Shawn Oller
Kimberly M. Shappley
LITTLER MENDELSON, P.C.
*Attorneys for Defendant*
*First Transit, Inc.*

LITTLER MENDELSON, P.C
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-5-

I hereby certify that the original of the foregoing was electronically filed using CM/ECF and a copy of the same was mailed via certified U.S. Mail and email to the following if non-registrants, this 1st day July, 2020.

Richard Rynn
44997 W. Sage Brush Drive
Maricopa, AZ 85139
Richardrynn@yahoo.com

*Plaintiff, pro se*

*s/ Sara Jurecki*

LITTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-6-