# EXHIBIT 1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | RICHARD RYNN<br>44997 W. Sage Brush Drive<br>MARICOPA, AZ 85139<br>(520)510-6370<br>*pro per*<br>Michael G. Angel, AZCLDP #81856<br>Legal Resource Center, LLC, AZCLDP #81733 |



**MAY 29 2020**



CLERK OF THE SUPERIOR COURT
C. ATKINS
DEPUTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| RICHARD RYNN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>FIRST TRANSIT, INC, an Ohio Corporation, ABC CORPORATION I-X; AND BLACK AND WHITE PARTNERSHIPS, AND/OR SOLE PROPRIETORSHIPS I-X<br><br>Defendants. | Case No.: CV2020-093419<br><br>COMPLAINT |

Plaintiff, Richard Rynn, ("**Plaintiff**"). For his Verified Complaint against Defendants, FIRST TRANSIT, INC, ABC CORPORATION I-X; AND BLACK AND WHITE PARTNERSHIPS, AND/OR SOLE PROPRIETORSHIPS I-X, ("**Defendant**") hereby alleges as follows:

COMPLAINT - 1

## PARTIES

1. At all times material hereto, RICHARD RYNN an individual, herein after referred to as "**Plaintiff**" or "**Plaintiff Employee**" was a resident of Pinal County, Arizona.

2. Plaintiff is informed and believes that Defendant, FIRST TRANSIT, INC, herein after referred to as "**Defendant**" or "**Defendant Employer**" is an Ohio Corporation duly authorized to do business in the State of Arizona as a Foreign Corporation.

3. All events mentioned herein occurred within the County of Maricopa, State of Arizona.

4. ABC Corporations I-X and Black and White Partnerships and/or Sole Proprietorships I-X are corporations, business entities, persons, agents, servants, or employees whose true names are not known to the plaintiffs at this time. Plaintiff is informed and therefore believe that ABC Corporations I-X, and Black and White Partnerships and/or Sole Proprietorships I-X are residents of MARICOPA County, Arizona, that contributed to or caused an event to occur in the State of Arizona, slandering and causing damages to Plaintiff. When the true names of said persons, agents, servants, employees, corporations, or business entities become known to Plaintiffs, they will ask leave of the Court to amend their Complaint to reflect such true names, together with appropriate charging allegations.

5. Herein after, FIRST TRANSIT, INC, ABC Corporations I-X, and

1  Black and White Partnerships and/or Sole Proprietorships I-X will be collectively known
2  as the Defendants.
3
4      6. Venue and personal jurisdiction are proper in this Court and as such, this
   Court has jurisdiction over the parties herein and the subject matter hereof.
5
## BACKGROUND
6
   This is a case in which employees, who are members of management acting as
7  agents for Defendant made which put fear into
8  a co-worker that Plaintiff works with at the same facility. To compound the issue,
9  through the negligence of employees, who are members of management acting as agents
10 for Defendant failed to advise Plaintiff, he should not have any contact with the employee
11 which resulted in a complaint being filed against him by the employee which will be part
12 of his permanent record.
13   Plaintiff and the employee that was coerced into believing the Plaintiff was a
14 threat due to the reckless, disparaging, and false statements made by Defendant
15 communicate on a regular basis once again since the employee became aware of
16 Defendant's reckless, disparaging, and false statements.
17
## FACTUAL ALLEGATIONS
18
     7. On or about February 26, 2019, Plaintiff was advised by Defendant that on
19
   February 18, 2019 an employee of Defendant, filed an incident report with Plaintiff's
20
21 employer in which he was advised the basis of the incident report was a sexual
22 harassment claim which Plaintiff later learned that "sexual harassment" was not even
23 mentioned in the incident report.
24
     8. On or about February 27, 2019, Plaintiff provided his immediate manager
25

letter that explained the types of conversations that took place between Plaintiff and the employee.

9. On or about April 11, 2019 Plaintiff was informed by his manager that the statement Plaintiff provided on or about February 27, 2019 resolved the incident report submitted by the employee.

10. On or about April 26, 2019, Plaintiff was asked, and agreed to meet with members of the Defendant's management team as well as his union representative regarding the incident report.

11. During the meeting that took place on or about April 26, 2019 because there was no violation of company policy, there was no disciplinary action taken or even a warning issued by Defendant to Plaintiff.

12. Following the meeting on May 1, 2020, Plaintiff was provided with a brief two page "Memorandum" that was used to facilitate the discussion and is attached as: Exhibit A – Allegation of Inappropriate Conduct

13. At no point during this or any other meeting, neither verbally nor in writing did Defendant inform Plaintiff to not have any contact with the employee that filed the Incident Report. **Rather, Defendant provided advice in the Memorandum about how future conversations should be handled.** (emphasis added)

14. Believing the matter was closed, in an effort to show there were no

hard feelings or ill will about the employee filing an Incident Report, Plaintiff called a florist and placed an order to send a spring bouquet of flowers to the employee who filed the incident report requesting that the meet to resolve any unresolved issues.

15. Plaintiff re-alleges and incorporates each and every allegation set forth in all of the preceding paragraphs of this complaint as though fully set forth at this point.

16. On May 13, 2019, the employee that filed the incident report with Defendant filed a complaint with the Avondale City Court against Plaintiff and was subsequently made aware of a future court hearing date regarding the complaint.

17. Plaintiff learned that he was requested to appear at a court hearing on June 3, 2019 to respond to a complaint filed by the employee against the Plaintiff.

18. On June 3, 2019 during the court proceeding the Plaintiff learned that of the following facts that were provided while Defendant and the employee who filed the complaint testified:

    a. on no less than three (3) occasions between February of 2019 and August of 2019, managers employed by Defendant made false and defamatory statements about Plaintiff to other employees, and;

    b. the employee that filed a complaint at the Avondale City Court testified that managers employed by Defendant advised her that as of May 1, 2019 Plaintiff is not allowed to talk or work with the employee.

19. Plaintiff was never advised that he should have no contact with the

COMPLAINT - 5

employee based upon and supported by Defendant's Memorandum provided to Plaintiff on or about April 26, 2019. In fact, this same Memorandum Defendant provided to Plaintiff provided advice about how future conversations should be handled.

20. The employee who filed the Incident Report was never advised in writing that the Plaintiff would no longer be allowed to have any contact with her.

21. As a result of Defendants' comments to employee that Plaintiff should not have any contact with the employee, and Defendants failure to advise Plaintiff of this material fact, the employee filed a complaint filed against Plaintiff which is now of public record.

22. Managers employed by Defendant and acting as agents of Defendant knowingly and willing made disparaging and false statements to the employee that filed the incident report. These reckless, disparaging, and false statements acted as a catalyst and fueled put fear into the employee that Plaintiff could actually be a threat to the employee.

23. As a result of Defendants reckless, disparaging, and false statements, putting fear into the employee and negligence for failing to advise Plaintiff that he should not have any contact with the employee, Plaintiff has suffered material harm due to the complaint and subsequent legal procedures that took place as well as emotional distress from the legal proceedings that are part of his permanent record regardless of the outcome of the proceedings.

24. Plaintiff re-alleges and incorporates each and every allegation set forth in all of the preceding paragraphs of this complaint as though fully set forth at this point.

25. Defendant knowingly and willing made reckless, disparaging, and false statements to the employee that filed the incident report.

26. The reckless, disparaging, and false statements caused material harm to Plaintiff.

27. At the time, the reckless, disparaging, and false statements were made, Defendant acted in reckless disregard for the truth.

28. At trial, Plaintiff will submit evidence of the actual events and how they transpired which will demonstrate Defendant knowingly and willingly provided false and fraudulent statements.

## COUNT I
## DEFAMATION - SLANDER

29. Plaintiff re-alleges and incorporates each and every allegation set forth in all of the preceding paragraphs of this complaint as though fully set forth at this point.

30. Plaintiff is informed and believes that between February of 2019 and August of 2019, on no less than three (3) occasions the Agents of the Company made false and defamatory statements about.

31. Defendant through its managers and employees of the company acted in concert and they are therefore jointly and severely liable as joint tortfeasors.

32. The statements concerning Plaintiff are false and were known by Defendant to be false at the time they were made and were made with reckless disregard for whether they were true or false.

33. Defendant statements concerning Plaintiff are slanderous per se because they disparage Plaintiff's credibility which led to a complaint being filed against him.

34. Defendant's statements were made out of spite, personal ill-will, and malice toward Plaintiff with the intention of damaging Plaintiff's credibility.

35. As a direct and proximate result of Defendants extreme, outrageous and malicious defamatory conduct set forth above, Plaintiff has suffered loss of reputation, embarrassment, humiliation, mental agony and damage to his name and reputation.

36. Defendant's allegations are false and were known by managers / agents of Defendant to be false at the time they were made and were made with reckless disregard for whether they were true or false.

37. Defendants' statements concerning Plaintiff are slanderous per se because they disparage Plaintiff's reputation and his credibility.

38. At trial, Plaintiff will submit evidence of the actual events and how they transpired which will demonstrate that Defendant acted with an evil mind when they knowingly and willingly provided false and fraudulent statements which in return have caused Plaintiff to suffer and incur unnecessary costs.

## COUNT II
## FALSE LIGHT

39. Plaintiff re-alleges and incorporates each and every allegation set forth in all of the preceding paragraphs of this complaint as though fully set forth at this point.

40. The defamatory statements falsely portrayed Plaintiff in a negative false

light.

41. The false statements, representations, or imputations understood to be of concerning to Plaintiff.

42. The statements were false and made with reckless disregard for the truth.

43. The statements, made with malice, place Plaintiff in a false light that would be offensive to a reasonable person.

44. At trial, Plaintiff will submit evidence of the actual events and how they transpired which will demonstrate that Defendant and employees of the company knowingly and willingly provided false and fraudulent statements which in return place Plaintiff in a false light to suffer and incur unnecessary costs.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. That Plaintiff recover from Defendant general and compensatory damages to be proven at trial;

2. For exemplary and punitive damages to be proven at trial;

3. For all court costs, document preparation fees, and attorney fees incurred in this matter;

4. An award for pre- and post- judgment interest at the maximum allowable rate;

5. Any other remedies or judgments deemed as just and equitable by this Court.

DATED this 29 day of May 2020.

By: _____
RICHARD RYNN

# VERIFICATION

STATE OF ARIZONA )
) ss.
COUNTY OF MARICOPA )

RICHARD RYNN being first dully sworn deposes and says:

1. That I am the PLAINTIFF in this action and have read this Complaint.

2. I know of my own knowledge that the assertions set forth in complaint are true and correct except:

    a. As to matters set forth upon information and belief, and as to those matters, I believe them to be true and correct.

    b. As to matters set forth in the hypothetical or in the alternative, and as to those matters, I believe there may be grounds to support the true or correctness of those matters.

3. With these qualifications, I make this verification as of the date this verification was sworn.

_____
RICHARD RYNN

SUBSCRIBED AND SWORN TO before me this 29th day of May 2020.

(notary seal)

_____
Notary Public

MICHAEL G ANGEL
Notary Public, State of Arizona
Maricopa County
My Commission Expires
October 31, 2020

# Exhibit A
## Allegation of Inappropriate Conduct



Valley Metro – East Valley

# MEMORANDUM

## CONFIDENTIAL

**DATE:** April 26, 2019
**TO:** Richard Rynn, Technician (Mesa)
**FROM:** James Davis, Human Resources Manager
**SUBJECT:** Allegation of Inappropriate Conduct

---

We have investigated the allegations of inappropriate remarks that have been reported against you. As you know, the company is committed to investigating allegations of improper conduct that is inconsistent with company policy and taking whatever action is warranted based on the results of the investigation. This memorandum informs you of the conclusions of our investigation and provides some guidance on how to avoid such encounters in the future. You are not to enter the Tempe property without the approval of upper management.

We believe that your unwanted comments and remarks were inappropriate under the circumstances and provided a basis for the employee to make allegations against you. As we discussed, it is particularly important that you be courteous and professional when interacting with other individuals and that you maintain a respectful business relationship with all employees of First Transit. Any discussion of non-business matters should be on the subjects that are clearly acceptable to both parties – particularly when personal matters are discussed. However, even when there is mutual consent, it is obvious that there are certain subjects that should be avoided. While we understand that the employee did not make it known to you that your comments or remarks were unwanted, does not excuse the inappropriateness of your remarks.

Committed to Our Customers · Dedicated to Safety · Supportive of Each Other · Accountable for Performance · Setting the Highest Standards



Valley Metro – East Valley

# MEMORANDUM

There are times when employees are uncomfortable telling a co-worker that they are offended by inappropriate comments or remarks.

It is more important than ever that your conduct be consistent with company standards because if allegations are made against you in the future, the allegations that are the subject of this investigation may be considered when determining what action the company will take. Please continue to bear in mind that any violation of the Company's policy will result in disciplinary action, up to and including termination of employment.

We are taking this opportunity to thank you for your cooperation in our investigation and to remind you that the company forbids retaliation against anyone making a good-faith report of workplace harassment. In order to protect the privacy of everyone involved, we have taken steps to handle this matter in confidence. We expect you to treat the information contained in this letter in the same manner.

**ACKNOWLEDGEMENT**

I certify and acknowledge that I have read this memorandum.

_____Richard Ryan_____          _____5/1/19_____
**Employee Name**                                    **Date**


Attachment: Your February 27, 2019 document

cc:     Roger Chapin, General Manager
        Lynn McLean, AGM of Maintenance
        Robert Arras, Maintenance Manager- Mesa
        IUOE Local # 428
        File



Committed to Our Customers · Dedicated to Safety · Supportive of Each Other · Accountable for Performance · Setting the Highest Standards