WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Rynn,<br><br>   Plaintiff,<br><br>v.<br><br>First Transit Incorporated, *et al.*,<br><br>   Defendants. | No. CV-20-01309-PHX-JJT<br><br>**ORDER** |

At issue is Defendant First Transit Incorporated's Motion for Summary Judgment (Doc. 82, "Def.'s MSJ") to which Plaintiff Richard Rynn filed a Response (Doc. 86, Pl.'s Resp.), and Defendant filed a Reply (Doc. 91, "Def.'s Reply"). Also at issue is Plaintiff's Motion for Summary Judgment (Doc. 81, "Pl.'s MSJ"). Defendant filed a Response (Doc. 89, "Def.'s Resp."), and Plaintiff filed a Reply (Doc. 100, "Pl.'s Reply"). This Order will also resolve Defendant's multiple Motions to Strike (Docs. 31, 107) and Motion to Dismiss (Doc. 43) as well as Plaintiff's Motion to Supplement (Doc. 42), Motion for Discovery (Doc. 76), Motion to Compel (Doc. 80), and Motion to Amend (Doc. 96). For the following reasons, the Court will grant Defendant's Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment, and deny all remaining motions at issue.

**I. BACKGROUND**

This matter arises from Defendant First Transit Incorporated's ("First Transit") handling of a third party's sexual harassment allegations against Plaintiff Richard Rynn. Mr. Rynn started working for First Transit in 2016 at its Mesa location. In December 2018,

he temporarily worked at the Tempe facility, where he met Shayley Matthews. (DSOF ¶¶ 3-4.) While working together, Mr. Rynn told Ms. Matthews she was beautiful, commented on her Instagram page, and had other personal conversations with her. (DSOF ¶¶ 9, 18, Exhibit B, Richard Rynn Deposition at 21:22-24:24, 77:8-79:20, 81:3-83:19.) In February 2019, Ms. Matthews submitted an Incident Report form to First Transit complaining about these interactions. (DSOF ¶¶ 12-13, 16, Ex. B at 54:2-9, 54:13-25, 59:24-60:11; Exhibit C, Declaration of Shayley Mathews ("Mathews Decl.") ¶¶ 4, 6-9.) Ms. Matthews also stated that Mr. Rynn was "internet stalking" and "facebook stalk[ing]" her. (DSOF ¶ 15; Matthews Decl., Ex. A.)

On February 26, 2019, First Transit employee, Lynn McLean, met with Mr. Rynn to inform him of Ms. Matthews's complaint. (DSOF ¶ 20; Exhibit A, Lynn McLean Declaration ("McLean Decl." ¶ 8.) He instructed Mr. Rynn to stay away from the Tempe facility and not speak with any of the Tempe employees. (DSOF ¶ 21; McLean Decl. ¶ 8.) Subsequently, Ms. Matthews informed First Transit that Mr. Rynn had subscribed to her Youtube account and attempted to contact her through Facebook. (DSOF ¶¶ 26-27; Matthews Decl. ¶ 12.) On April 19, 2019, Mr. Rynn entered the Tempe location with his daughter and provided a First Transit representative with an apology note for Ms. Matthews. (DSOF ¶ 29.) On April 30, 2019, First Transit released a confidential memo to Ms. Matthews concluding that "the investigation leads us to believe that inappropriate conduct did occur." (DSOF ¶ 30, Ex. B at 108:20-109:22.) The next day, First Transit provided Mr. Rynn with a different confidential memo that found "your unwanted comments and remarks were inappropriate under the circumstances and provided a basis for the employee to make allegations against you." It also instructed him to "not enter the Tempe property without the approval of upper management." (DSOF ¶¶ 31-32, Ex. B, 103:10-104:15, 214:23-215:16; McLean Decl. ¶ 10.)

Less than two weeks later, Mr. Rynn sent Ms. Matthews flowers with a note requesting to speak or meet up in order to "resolve all unresolved issues." (DSOF ¶¶ 34-36, Ex. B at 111:7-9, 112:11-113:5; Matthews Decl. ¶ 13.) In response, Ms. Matthews

called the Avondale Police Department, who suggested that Ms. Matthews apply for an Injunction against Harassment ("IAH") against Mr. Rynn. (DSOF ¶¶ 37-38, Matthews Decl. ¶ 14; Plaintiff's Supplemental Response to Defendant's First Set of Interrogatories and First Set of Production at 31-33.) Ms. Matthews immediately applied for the IAH, which a Judge granted that day. (DSOF ¶¶ 43-45.) Additionally, both the responding Officer and Ms. Matthews contacted Mr. Rynn to inform him that Ms. Matthews did not wish to have further contact with him. (DSOF ¶¶ 39-41.)

After receiving service of the IAH, Mr. Rynn moved for its dismissal. (DSOF ¶ 53, Ex B at 148:14-150:4, 167:20-168:15.) The court held a hearing, where Ms. Matthews, Mr. Camunez, and Mr. Rynn all testified, and ultimately upheld the IAH. (DSOF ¶¶ 48-52; Matthews Decl. ¶¶ 19-21; Ex. B at 134:12-16.)

One day later, on June 4, 2019, Mr. Rynn filed a hotline complaint at work, alleging that (1) he was wrongfully accused of sexual harassment; (2) Mr. Camunez provided false information at the hearing; (3) and Mr. Rynn was not informed of certain relevant information until the IAH hearing. (DSOF ¶ 53, Ex. B at 148:14-150:4, 167:20-168:15.) First Transit investigated the allegations and found no violation of its polices or procedures. (DSOF ¶ 54, Ex. B at 167:20-168:15; 170:18-171:2.)

Mr. Rynn subsequently filed his initial Complaint in this matter, which has since been amended. The Complaint alleges (1) Defamation, (2) False Light, and (3) Negligence. Both parties now move for summary judgment on all of Plaintiff's claims.

## II. LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary

judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256-57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

### III.  ANALYSIS

The Court must first address the multiple issues with Plaintiff's filings. Plaintiff failed to file a statement of facts in conjunction with his Response to Defendant's Motion for Summary Judgment as well as his own Motion for Summary Judgment. Rather, Plaintiff inexplicably waited to file the statement of facts until after the motions were fully briefed (Docs. 99, 102). Defendant moved to strike the untimely filings, contending that they violate LRCiv 56.1. (Doc. 107). The Court agrees. However, after reviewing the untimely filings, the Court determines that they do not impact its decision and thus there is no prejudice to Defendant. Therefore, Defendant's Motion to Strike is denied as moot.

Additionally, Plaintiff filed a Notice of Removal purporting to remove the IAH Avondale proceeding to this Court. (Docs. 28 & 29). Defendant filed a Motion to Strike,

1  arguing that the motion failed to comply with multiple procedural requirements and that
2  the Court lacked subject-matter jurisdiction (Doc. 31). Rule 12(f) permits a court to "strike
3  from a pleading an insufficient defense or any redundant, immaterial, impertinent, or
4  scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion to strike is
5  "to avoid the expenditure of time and money that must arise from litigating spurious issues
6  by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d
7  880, 885 (9th Cir. 1983).

8        The Court will grant the Motion to Strike. Plaintiff's Notice was procedurally
9  improper and wholly inappropriate. Importantly, First Transit was not a party to the IAH
10 hearing. The Avondale court granted the IAH and after multiple appeals, the Arizona
11 Supreme Court denied Mr. Rynn's amended petition for review. *See LeDuc v. Kentucky*
12 *Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992) (stating motions to strike may be
13 granted if "it is clear that the subject matter to be stricken could have no possible bearing
14 on the subject matter of the litigation.").Therefore, Documents 28 and 29 shall be stricken
15 from the record.

16     **A.**    **Defamation**

17       It is unclear from Plaintiff's filings which statements he contends to be defamatory.
18 Plaintiff's motions identify certain First Transit statements as incorrect but fail to analyze
19 them in relation to his defamation claim. Defendant took the unusual but helpful step of
20 using Plaintiff's deposition testimony to identify those statements Plaintiff potentially
21 considers defamatory. (DSOF ¶¶ 56-68.) The Court will analyze these statements as well
22 as others that Plaintiff discusses in his briefing and statement of facts.

23       To state a claim for defamation under Arizona law, Plaintiff must allege that (1)
24 Defendant made a false and unprivileged statement; (2) the statement was published or
25 communicated to someone other than Plaintiff; and (3) the statement tends to harm
26 Plaintiff's reputation. *Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781, 787 (Ariz.
27 1989); *Lundin v. Discovery Commc'ns Inc.*, 352 F. Supp. 3d 949, 960 (D. Ariz. 2018).
28

The First Transit statements are not defamatory for numerous reasons. To simplify the analysis, the Court will separate the statements into three categories and explain why they do not constitute defamation: (1) privileged statements made at the IAH hearing; (2) statements made only to Mr. Rynn;[1] and (3) statements made to other First Transit employees that are truthful or merely state one's opinion. The first two categories can be resolved quickly in favor of Defendants. Mr. Rynn contends that Mr. Camunez's testimony at the IAH hearing was defamatory. However, statements made in judicial proceedings are privileged as a matter of law and thus are not defamatory. *Bailey v. Superior Court*, 636 P.2d 144, 146 (Ariz. Ct. App. 1981) ("An absolute privilege against a defamation charge arises in the context of judicial proceedings, legislative proceedings and administrative or executive functions of the government."). Likewise, First Transit statements made only to Mr. Rynn are not defamatory because they were not published to a third party. *Godbehere*, 783 P.2d at 787.

The third category, statements made to First Transit employees, requires slightly more analysis but the Court similarly concludes that they are not defamatory. Plaintiff contends that First Transit instructed Ms. Matthews to notify the police. This does not constitute defamation because it was not a false statement about Mr. Rynn. *Id.*

Moreover, Mr. Rynn contends that First Transit defamed him by informing other employees that he was, amongst other things, "untrustworthy, disloyal, difficult, radical, incorrigible…" and a host of other unflattering adjectives. However, these are mere opinions that are "not laden with any false factual content" and thus do not constitute defamation. *MacConnell v. Mitten*, 638 P.2d 689, 692 (1981). Importantly, Mr. Rynn does not identify any underlying factual statement that may have led First Transit to form such opinions except that First Transit informed employees that Ms. Matthews requested an IAH protective order, which is not defamatory because it is true. (Pl. Resp. at 12, 15.). *Id.*

---

[1] First Transit Employee, Chris Dalton, told Mr. Rynn that he needed to transfer Mr. Rynn back to Mesa because Mr. Rynn was in danger. This statement is not defamatory because it was not spoken to a third party. *Godbehere*, 783 P.2d at 787.

- 6 -

Mr. Rynn additionally contends that the First Transit incident report regarding Ms. Matthews's complaint is defamatory. (Pl. Resp. at 15.) However, Mr. Rynn provides no evidence to support this assertion. He merely states that First Transit "falsely said Matthews incident report was just a comment when it was an incident report about Rynn. First Transit did not say the truth about Matthews incident report in which put Rynn in danger." (Pl. Resp. at 15.)

Finally, Mr. Rynn argues that Human Resources falsely told Mr. McLean that Ms. Matthews filed a sexual harassment complaint against him. This does not constitute defamation because it is true. *Godbehere*, 783 P.2d at 787; *Read v. Phoenix Newspapers Inc.*, 819 P.2d 939, 941 (1991).

For these reasons, the Court will grant Defendant's Motion for Summary Judgment on Mr. Rynn's claim for defamation.

**B.     False Light**

The Court will also grant Defendant's Motion for Summary Judgment on Plaintiff's false light claim. Under Arizona law:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
>
> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and
>
> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*Godbehere*, 783 P.2d at 784 (quoting Restatement (Second) of Torts § 652(E) (1977)).

"Unlike defamation, false light does not protect reputation or good name, but rather protects mental and emotional interests." *Reynolds v. Reynolds*, 294 P.3d 151, 156 (Ariz. Ct. App. 2013) Id. at 341, 783 P.2d at 787. "To qualify as a false light invasion of privacy, the publication must involve a major misrepresentation of the plaintiff's character, history, activities or beliefs,' not merely minor or unimportant inaccuracies." *Id*. The tort of false

light protects against a "narrow class of wrongful conduct that falls just short of outrage." *Lemon v. Harlem Globetrotters Intern., Inc.*, 437 F. Supp.2d 1089, 1108 (D. Ariz. 2006)

Plaintiff appears to contend that the same statements he alleges were defamatory also constitute false light. Plaintiff again does not produce sufficient evidence to sustain the claim. There is no evidence that the statements are false, let alone a "major misrepresentation" of Mr. Rynn's character or activities. Nor do the statements constitute conduct that "falls just short of outrage." *Id.* And Defendant produced substantial evidence, through Mr. Rynn's deposition and Ms. Matthews's Declaration, that the statements are true. Finally, Mr. Rynn has not provided evidence of harm to his mental or emotional interests. *Reynolds*, 294 P.3d at 156.

Lastly, Mr. Rynn contends that the IAH put him in a false light as a matter of public record "made up by First Transit." (DSOF 79, Ex. B at 216:20-217:25; 218:18-219:12.) However, the existence of the IAH is not false. Mr. Rynn may assert that the foundation for the IAH is false, but that does not change the fact of its existence. Therefore, the Court will grant Defendant's Motion for Summary Judgment on Plaintiff's claim for false light.

### C. Negligence

Finally, the Court will grant Defendant's Motion for Summary Judgment on Plaintiff's negligence claim. To establish a *prima facie* negligence claim under Arizona law, Plaintiff must demonstrate the following elements: "1) a duty requiring the defendant to conform to a certain standard of care; 2) a breach by the defendant of that standard; 3) a causal connection between the defendant's conduct and the resulting injury; and 4) actual damages." *Gipson v. Kasey*, 150 P.2d 228, 230 (Ariz. 2007).

Plaintiff appears to contend that First Transit was negligent due to (1) the investigation of Matthews's internal complaint; (2) the investigation of Mr. Rynn's hotline complaint; (3) the failure to properly and timely inform Mr. Rynn of Ms. Matthews's complaint; (4) the failure to advise him to not have contact with Mathews after May 1, 2019; (5) hiring Mr. Camunez; and (6) the failure to supervise Mr. Camunez at the IAH hearing. (Doc. 41, Amended Complaint ¶¶ 8, 18, 108, 111; Pl.'s MSJ at 7-8; Def.'s MSJ

1  at 15.) However, Plaintiff failed to produce evidence of or even allege that First Transit
2  owed Mr. Rynn a duty. Accordingly, Mr. Rynn has also not shown that First Transit's
3  actions breached any duty. Even where Plaintiff could show a duty, he has failed to produce
4  evidence of actionable damages. It appears that Plaintiff's alleged damages are
5  embarrassment due to Ms. Matthews filing a sexual harassment complaint and First Transit
6  employees' knowledge of that complaint as well as the IAH protective order, which do not
7  constitute damages under Arizona law. *See Glaze v. Larsen*, 83 P.3d 26, 29 (Ariz. 2004)
8  (explaining "actual injury or damages must be sustained before a cause of action in
9  negligence is generated."). Because Mr. Rynn has not met his burden on multiple elements
10 of his negligence claim, the Court will grant Defendant's Motion for Summary Judgment.

### D. Plaintiff's Motions for Additional Discovery

Plaintiff's Motion for Discovery (Doc. 76) and Motion to Compel (Doc. 80) are denied. Both motions pertain to alleged relevant information in the possession of third-party Union Operating Engineers Local 428. Plaintiff provides no basis for the relevance of this additional evidence except that it will help clarify dates for various communications. This explanation is insufficient to show the Court that Union Operating Engineers possesses relevant evidence. To the extent Plaintiff contends that the evidence is relevant because of Defendant's statute of limitations argument, the Court notes that it did not rely on the statute of limitations in its granting of Defendant's Motion for Summary Judgment. Moreover, the Motion for Discovery was filed on the last day of discovery, after Plaintiff had already received a two-week extension, and the attached proposed subpoena merely states "see Exhibit 1" when describing the information sought. Notably, Plaintiff did not attach an Exhibit 1. For these reasons, the motions are denied.

### E. Plaintiff's Motion for Leave to Amend the Complaint

The Court will also deny Plaintiff's Second Motion to Amend to add five additional claims.[2] A party may amend a complaint once as a matter of course within 21 days after

---

[2] The Court will also deny Plaintiff's Motion to Supplement filed on January 25, 2021 as moot. The Motion, which was filed prior to the start of discovery and months before the parties filed their Motions for Summary Judgment, requested leave to admit recordings of the Avondale IAH hearing into evidence. Plaintiff did not specify for what purpose it

serving it, or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15–to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotation marks omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

Here, Plaintiff's proposed amendments would cause substantial prejudice to Defendants. Plaintiff filed this request to add additional claims after all motions for summary judgment were fully briefed and two and half months after the close of discovery. If the Court were to grant Plaintiff's request, the case would essentially start from the beginning for the added claims. At the least, Defendant would need to respond to an amended complaint, re-take Mr. Rynn's deposition and participate in Discovery. Plaintiff does not provide any reason why the Court should subject Defendant to such prejudice. Nor does Plaintiff explain why it waited until the close of summary judgment to request to amend. Because of the extreme prejudice and delay, the Court will deny Plaintiff's Motion to Amend.

---

wanted to admit the new evidence, but he had the opportunity to use the evidence in support of his Motion for Summary Judgment, and in fact referenced the IAH hearing multiple times.

**IT IS THEREFORE ORDERED** granting Defendant First Transit Inc.'s Motion for Summary Judgment (Doc. 82).

**IT IS FURTHER ORDERED** denying Plaintiff Richard Rynn's Motion for Summary Judgment (Doc. 81).

**IT IS FURTHER ORDERED** granting Defendant First Transit Inc.'s Motion to Strike Plaintiff's Notice of Removal of Civil Action to Federal Court and Addendum to Notice of Removal (Doc. 31). Accordingly, Documents 28 and 29 shall be stricken from the record.

**IT IS FURTHER ORDERED** denying Plaintiff Richard Rynn's Motion to Supplement as moot (Doc. 42).

**IT IS FURTHER ORDERED** denying Defendant First Transit Inc.'s Motion to Dismiss as moot (Doc. 43).

**IT IS FURTHER ORDERED** denying Plaintiff Richard Rynn's Motion for Discovery (Doc. 76).

**IT IS FURTHER ORDERED** denying Plaintiff Richard Rynn's Motion to Compel (Doc. 80).

**IT IS FURTHER ORDERED** denying Plaintiff Richard Rynn's Second Motion to Amend (Doc. 96).

**IT IS FURTHER ORDERED** denying Defendant First Transit Inc.'s Motion to Strike (Doc. 107).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this action.

Dated this 28th day of July, 2021.

Honorable John J. Tuchi
United States District Judge