**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Rynn, | No. CV-20-01309-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| First Transit Incorporated, *et al.*, | |
| Defendants. | |

At issue are five motions filed by Plaintiff: two Motions Seeking Leave to File Fifth Amended Complaint (Docs. 140, 145), two Motions for Change of Judge (Docs. 141, 153), and a Motion to Set Aside Judgment (Doc. 142). Defendant responded to each of Plaintiff's motions (Docs. 149, 150, 151, and 161, respectively) and Plaintiff filed replies (Docs. 156, 157, 155, respectively). As the Court made clear in its order dated October 19, 2021 (Doc. 139), this matter is closed. Once again, like Plaintiff's previous filings, the new motions contain frivolous allegations against the Court and Defendant, many of which the Court has already addressed. Accordingly, the motions will be denied.

**I.      Plaintiff's Motions Seeking Leave to File Fifth Amended Complaint**

As the Court articulated in its previous Order (Doc. 139), this case is closed and judgment in this matter is now final. Thus, the Court will deny his motions for amendment as frivolous.

## II. Plaintiff's Motions for Change of Judge

Title 28, Section 455(a) of the United States Code provides that a United States judge "shall disqualify" himself in any proceeding in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) provides that a judge must also disqualify himself where he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" *Id.* § 455(b)(1). Recusal pursuant to § 455(b) is required only if the bias or prejudice stems from an extra-judicial source, not from conduct or rulings during the course of the proceedings. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1046 (9th Cir. 1987), *aff'd*, 496 U.S. 543 (1990). "[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion." *Liteky v. United States*, 114 S. Ct. 1147, 1157 (1994). Adverse rulings should be appealed; they do not form the basis for a recusal motion. Further, where the judge forms opinions in the courtroom, either in the current proceeding or in a prior proceeding, these opinions "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Similarly, 28 U.S.C. § 144 provides for recusal where a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit must state the facts and reasons for the belief that the bias or prejudice exists. *Id.* If the judge finds the affidavit timely and legally sufficient, the judge must proceed no further, and another judge must be assigned to hear the motion. *Id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

Plaintiff fails to demonstrate that the undersigned has any bias or prejudice, nor has Plaintiff identified any extrajudicial matter from which an asserted bias arose. Accordingly, recusal pursuant to § 455(b) is not appropriate. *See, e.g.*, *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (judge's prior adverse rulings are insufficient cause for recusal).

1  Similarly, Plaintiff has not established that recusal pursuant to § 144 is appropriate.
2  Accordingly, the undersigned will deny the motion.

### III. Plaintiff's Motion to Set Aside Judgment

Rule 60(d)(3) allows a court to "set aside a judgment for fraud on the court." Because of a court's inherent equity power to vacate judgments obtained by fraud, this ground for relief is not subject to the same time constraints as other Rule 60 motions and consequently can be raised after one year from the date of judgment, as is the case here. *See* Fed. R. Civ. P. 60(c, d).

"Because the power to vacate for fraud on the court is so great, and so free from procedural limitations," the Ninth Circuit Court of Appeals construes it narrowly. *United States v. Estate of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011). Not all fraud is fraud on the court. *Id*. Rather, it "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Id*. Indeed, the Ninth Circuit has so narrowly defined fraud on the court that it does not, without something more, encompass nondisclosure or perjury by a party or witness. *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003). Instead, it requires a "grave miscarriage of justice." *Id*. Consequently, Rule 60(d)(3) imposes the higher burden of clear and convincing evidence on the party seeking relief from judgment based on fraud on the court. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1104 (9th Cir. 2006).

In the motion before the Court, Plaintiff rehashes many of his arguments from the summary judgment phase of the case, alleges the Court failed to consider evidence, and accuses the undersigned of bias, prejudice, and harassment. (*See generally* Doc. 142.) Plaintiff's conclusory and frivolous allegations are insufficient to meet the high burden required for a finding of fraud on the Court. Accordingly, the present motion is denied.

### IV. No Additional Filings Will be Entertained

The Court reiterates that this matter is closed. Any additional filings will be stricken from the record. Plaintiff has already been cautioned that "any misuse of the ECF system

will result in immediate discontinuation of this privilege and disabling of the password assigned to [Plaintiff]." (Doc. 21.) Plaintiff is warned that any further filings will result in the termination of his ECF privileges.

**IT IS THEREFORE ORDERED** denying Plaintiff's Fifth Motion to Amend (Docs. 140, 145).

**IT IS FURTHER ORDERED** denying Plaintiff's Motions for Change of Judge (Docs. 141, 153).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Set Aside Judgment (Doc. 142).

Dated this 13th day of December, 2021.

*[signature]*
Honorable John J. Tuchi
United States District Judge